# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BOHANNON,<br><br>Petitioner,<br><br>v.<br><br>MARK CAPOZZA, DAVID SADON,<br>SHAPIRO, and PENNSYLVANIA BOARD<br>OF PROBATION AND PAROLE,<br><br>Respondents. | Civil Action No. 18-1238<br>Magistrate Judge Maureen P. Kelly |

## MEMORANDUM OPINION AND ORDER

William Bohannon ("Petitioner") has filed this Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. By means of the Petition he sought to challenge his custody at the State Correctional Institution in Fayette ("SCI-Fayette"), which arose from the lodging of a detainer against Petitioner by the Pennsylvania Board of Probation and Parole (the "Board"). The Board filed the detainer pending Petitioner's retaking by New York state authorities who had transferred his parole supervision to the Board given Petitioner's desire to move to Pennsylvania. While Petitioner was on parole here in Pennsylvania from his New York convictions, and while the Board was supervising Petitioner's parole, Petitioner committed other crimes in Pennsylvania. The commission of these crimes in Pennsylvania violated Petitioner's terms of parole. Hence, the Board issued a detainer against Petitioner, directing that he be maintained in custody until the New York state authorities could retrieve him for parole revocation proceedings to be held in New York.

During the pendency of the Petition, Petitioner filed a notice of a change of address, ECF No, 21, in which he acknowledged that that he was released from SCI-Fayette and that he was

now being held in custody in New York by New York state authorities. Accordingly, the Court ordered Petitioner to Show Cause why this Petition had not become moot upon the dissolution of the detainer when Petitioner was actually transferred into custody of the New York state authorities. ECF No. 22. Petitioner filed a Response to the Order to Show Cause. ECF No. 25. Subsequently, Petitioner filed another change of address, indicating that his place of incarceration in New York had changed. ECF. No. 26.

The issue of whether the Petition has become moot is now ripe for decision.

All parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 8 and 19.

## I. DISCUSSION

In the Petition, Petitioner complained that due to the detainer lodged against him by the Board on behalf of the New York state authorities, he was being "illegally detained by the Respondents under false premise that Petitioner is being detained for New York State authorities…" ECF No. 1 at 1. Petitioner also complained that the detainer was somehow false and defective in that Petitioner's relatives were in communication with the New York state authorities who had allegedly informed Petitioner's relatives that "it is very unlikely that they will even extradite the Petitioner." Id. at 2.

The subsequent facts of this case proved both of Petitioner's contentions incorrect as the New York state authorities did in fact come and remove Petitioner from Pennsylvania and returned him to New York, where is currently incarcerated in a corrections facility as evidenced by Petitioner's notice of change of address which shows he is currently housed in the Suffolk County Jail. ECF No. 21.

2

Clearly, by means of the Petition, Petitioner was challenging the validity of his detention/custody caused by the detainer which the Board had lodged against him. However, a detainer is simply a notification to hold a prisoner until other authorities who are legally authorized to take the prisoner into custody can in fact take him into custody. Murren v. Warden of FCI Ft. Dix, CIV 06-4014 RBK, 2006 WL 2847234, at *3 (D.N.J. Sept. 28, 2006) ("a detainer is simply an 'internal administrative mechanism to assure that an inmate subject to an unexpired term of confinement will not be released from custody until the jurisdiction asserting a parole violation has had an opportunity to act in this case by taking the inmate into custody or by making a parole revocation determination.'"). Hence, upon Petitioner's release from Pennsylvania state authorities and his transfer into the custody of the New York authorities, all custody stemming from the detainer ceased and his custody thereafter was pursuant to the legal authority of the New York state authorities. Upon his transfer, Petitioner was no longer subject to the challenged detainer and his custody was no longer pursuant to the detainer but to other lawful process. As a matter of law, the detainer was dissolved *ipso facto* by his release into the custody of New York state authorities.

The applicable rule is that "[a] case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Congregation Kol Ami v. Abington Township, 309 F.3d 120, 131 (3d Cir. 2002). In other words, "[w]hen it is no longer possible for this court to grant the relief requested, a case is moot and this court lacks jurisdiction to hear it." Med. v. McCulloch, 544 Fed. Appx. 699 (9th Cir. 2013).

Instantly, the detainer that Petitioner alleged to have been unlawful and to have caused him to be illegally held in custody by the Board at SCI-Fayette is no longer in existence, and hence, no matter what this Court rules concerning the validity of the detainer, it is eminently

3

clear that this habeas petition is now moot and should be dismissed as such. Ogunde v. Holder, 563 F. App'x 237, 237 (4th Cir. 2014) ("Oludare Ogunde appeals a district court order granting the Attorney General's motion to dismiss and dismissing his amended complaint seeking an order declaring that the immigration detainer placed upon him by the Department of Homeland Security ('DHS') was unlawful. At the time Ogunde filed the amended complaint, he was in the custody of the Virginia Department of Corrections. He has since been transferred to the custody of Immigration and Customs Enforcement of the DHS. Accordingly, because the detainer is no longer in effect, the appeal is moot."). It is simply no longer possible for this Court to order Petitioner released from the now defunct detainer.

Furthermore, nothing in Petitioner's Response to the Order to Show Cause persuades this Court that this habeas petition is not moot.

Petitioner first seemingly suggests that he is concerned that the time he spent being detained in Pennsylvania pursuant to the detainer may not be credited against his potential sentence of incarceration due to his New York probation/parole being revoked. ECF No. 25 at 1 ("Petitioner now needs the ruling of the court as he feels it will help him regards to obtaining credit from parole for the time spent on detainer in PA, as it was by authority granted from New York that the Board filed the detainer in PA."). This Court has no jurisdiction in habeas to tell New York state authorities how to credit Petitioner's New York sentence(s) and, indeed, has no personal jurisdiction over Petitioner's immediate custodian, who is located in New York to even effectuate any such order issued out of this Court. Rumsfeld v. Padilla, 542 U.S. 426, 439–40 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent. If the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to

4

name the State or the Attorney General as a respondent to a § 2241 petition. As the statutory language, established practice, and our precedent demonstrate, that is not the case."); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) ("It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action. *See Ex Parte Endo*, 323 U.S. 283, 306, 65 S.Ct. 208, 220, 89 L.Ed. 243 (1944) (writ is directed to prisoner's 'jailer'). This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body. *See Brittingham v. United States*, 982 F.2d 378 (9th Cir. 1992); *Guerra v. Meese*, 786 F.2d 414 (D.C. Cir. 1986) (Parole Commission is not custodian despite its power to release the petitioner). That the district director has the power to release the detainees does not alter our conclusion. Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons. Thus, the district court correctly held that its habeas jurisdiction is limited to the Middle District of Pennsylvania" where the petitioner's immediate custodian was located). In like manner, our habeas jurisdiction is limited to the Western District of Pennsylvania, where Petitioner's immediate custodian is not to be found.

Petitioner also seemingly seeks to have this court rule on the legality of the conditions of his confinement while he was held under the detainer. ECF No. 25 at 2 ("Petitioner feels that 10 months in his prior detention was cruel and unusual punishment. He feels that although it is no longer the direct issue that the petition should be allowed to proceed to its end as he would like to have the court[']s opinion on the matter."). To the extent he seeks to have the conditions of his detention declared cruel and unusual punishment, habeas is not the proper vehicle by which to do so. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or

5

length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate"); Spruill v. Rosemeyer, 36 F. App'x 488, 489 (3d Cir. 2002) ("There are no material differences for purposes of this appeal between appellant's claims– that prison officials wrongfully disciplined him by placing him in segregated housing for one month and transferring him to a higher security prison in retaliation for exercising his First Amendment Rights– and the claims in *Leamer*. The appellant challenges the conditions of his confinement, not the fact or duration thereof, and such a challenge could not have been brought by means of a habeas action."); Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997) ("We have adopted a simple bright line rule for resolving such questions. If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release, the proper vehicle is a § 1983 suit.") (citations and internal quotations omitted).

To the extent that Petitioner seeks merely to have his detention under the detainer as such declared unlawful, again, because his detention was pursuant to a detainer that is now no longer effective, this habeas case challenging the legality of that detainer is clearly moot.

As nothing in Petitioner's Response to the Order to Show Cause carries his burden to establish that the Petition, challenging the detainer and detention pursuant thereto, is not now moot, the Petition should be dismissed as moot. See Buck v. Pugh, CIV.A. 12-1669, 2013 WL 3972654, at *2 (W.D. Pa. July 30, 2013) ("In like manner, because Petitioner has been released from the custody of the Bureau of Prisons ('BOP') and because we do not presume collateral consequences, and because Petitioner has not carried his burden to avoid a finding of mootness by him showing a continuing injury, which is attributable to the loss of GCT credits, the Petition

6

should be dismissed as moot.") (quoting Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)).

As jurists would not find the foregoing debatable, a certificate of appealability is denied.[1]

AND NOW, this 29th day of January 2019, it is hereby ORDERED that the Petition is DISMSSED and a Certificate of Appealability is DENIED.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF

WILLIAM BOHANNON
474812
Downstate Correctional Facility
Box F
Red Schoolhouse Road
Fishkill, NY 12524-0445

---

[1] Petitioner also seeks to have copies of various filings. ECF No. 25 at 2. He may contact the Clerk's Office and, after paying for the copies, may obtain them from the Clerk's Office.